Morning ladies and gentlemen, the first argument we're going to hear, DeRoche v. Arizona Industrial Commision is by telephone. Uh, are both counsel on the phone? Uh, yes, your honor, this is Alan Newdelman representing DeRoche. Denise Ross for the Arizona Industrial Commision. Alright, and we have Judge Rustoni, Judge Thomas, and this is Judge Reinhardt. We're ready for the argument, appellant may proceed. Thank you, your honor. I'd like to reserve two minutes. Certainly, keep your own time. I will do that, and we will start, I guess, now. We have been here once before on DeRoche, on the underlying case decided regarding excise tax that DeRoche decided in 2002. We are back now on the argument in which DeRoche, we believe, are entitled to their attorney's fees for being the prevailing party in that litigation against the state of Arizona through the Industrial Commision. Arizona has a unique statute. Arizona has a statute which is modeled after the Equal Access Adjustment Act, a federal statute, as the honors know. The Arizona statute is modeled under that provision. It's 12-348, Arizona Revised Statute 12-348. In that provision, it states that in addition to costs that may be awarded by statute, a court shall, a court shall, mandatory, award fees and other expenses to any party other than the state, city, town, or county which prevails on the adjudication on the merits in any of the following. One, a civil action brought by the state. That's a mandatory provision. Under Subsection B, which is a discretionary provision, the court may award attorney's fees in an action brought by the state in regards to the assessment and or the collection of a tax. We believe that DeRoche fits into both of those categories. In enacting Arizona Revised Statute 12-348, the Arizona Supreme Court in a case called Wilderness World Inc., which we cited in our brief, in bonk, the Supreme Court of Arizona in bonk stated that in enacting 12-348, the legislature expressed its intent to reduce the economic detriment individuals face in contesting governmental action magnified by the disparity between the resources and the expertise of the government and individuals. Thus, Arizona Supreme Court has held, as a matter of public policy, if an individual citizen of the state of Arizona is challenged by Big Brother, the state of Arizona, in a piece of litigation which is commenced by a civil action and prevails in that civil action, they are entitled to an award of attorney's fees. That is limited in dollars, but it is still a mandatory provision of Arizona law. The bankruptcy court has held, Judge Case in the bankruptcy court held, that the claim filed by the state was the commencement of an action. The district court did not need to rule on that because the state did not appeal that finding. Judge Case in the bankruptcy court stated, and it's in our excerpt, that the court has no trouble concluding that the filing of a proof of claim falls within the broad meaning of civil action contemplated by section 12-348. Having chosen the bankruptcy form, the court concluded that the state commenced a civil action in which it was not successful and thus ordinarily falls within the scope of 12-341A1. This court, the Ninth Circuit, recently, in a decision authored by Judge Thomas, in a case by amended opinion dated September 13, 2005, a case called Sassen, if I'm pronouncing that right, also stated, Judge Thomas stated, quoting Johnson v. Homestate Bank, As the Supreme Court has instructed, when a creditor files a claim in bankruptcy, the creditor triggers the process of the allowance and disallowance of claims, thereby subjecting himself to the bankruptcy court's equitable powers. That is now a conclusion we do not need to reach here any further, since it was not appealed. The state commenced an action against the Roche by commencing a proof of claim in the bankruptcy proceeding to which it did not have to. But I think the question then is, doesn't federal bankruptcy law apply given that the action is commenced under the aegis of the bankruptcy code? And if so, then we have limitations of fee recovery under the bankruptcy code as opposed to state law. I think that's the central question here, isn't it? That is the central question. However, when you look at the Arizona statute, and you look at constructions of the Arizona statute, just basic canons of statutory construction, and we'll cite United States v. Ron Perr and other federal cases, you look at the plain meaning of the legislation to be conclusive unless the statute itself is ambiguous. And the Arizona statute is clearly clear on its face, not ambiguous. A court shall award attorney's fees in a civil action brought by the state. Nowhere does the state statute to protect the citizens of the state of Arizona state that this has to be an action filed within a court of the state of Arizona. Let me ask this question another way. This is Judge Wasani. Thank you. This is a matter, you're in federal, it's a federal bankruptcy court, and it's a matter of what can be allowed under federal bankruptcy law. So I think more argument about the state statute isn't going to help. Well, if you look at rent-throw and you look at borrow-off, the cases which the state is citing, which are positioned, Your Honor, are not relevant. We're not trying to overrule rent-throw and borrow-off. This case is not rent-throw. It is not borrow-off. In rent-throw and borrow-off, which are basically statutes in which, in those cases, the courts were looking to find a way to grant attorney's fees, and they have to go back to look at state statutes to see whether, under contract action, a private party, a private citizen, would have a right to attorney's fees. And all the cases that have awarded attorney's fees in a bankruptcy, they go back and they look to see whether state court issues were being determined and whether there's a provision for attorney's fees under state law. Here, we don't look at rent-throw. We have a public policy of the state of Arizona that protects its citizens against the governmental actions, and it doesn't limit it to where that civil action has to be brought. If it's brought in a tribal court, if it happened to be brought... It basically is saying that the state statute can override federal law. It's not federal law. It's the federal bankruptcy court. All the federal bankruptcy court has to do is find a nexus. How do we grant attorney's fees to debtors in bankruptcy? We have to find a statute. And here, the statute that provides the relief to the debtor in bankruptcy is a public policy Arizona statute that allows the recovery of attorney's fees when a civil action is filed by the state. I just wanted to tell you it's two minutes. Okay, I'll reserve my time. All right. Thank you. All right, counsel? Rappelli? I apologize, Your Honor. I had to use that time. I think you have nailed this question exactly. We are dealing with a federal bankruptcy case, federal law. Under federal law, federal bankruptcy law, debtors are not entitled to their attorney's fees. You are only allowed attorney's fees in federal bankruptcy court if there's a federal law that gives it to you or if there's a state law that gives it to you and you are litigating a state question. And there's no question that Arizona public policy favors attorney's fees in Arizona court, but the Arizona legislature does not determine whether bankruptcy courts can grant attorney's fees or not. That's decided by federal law. We have a supremacy clause. This is Judge Thomas. What do you make of this? This wasn't discussed in the brief, but what do you make of the fact that states have concurrent jurisdiction to determine the dischargeability of a tax obligation? Your Honor, I think if the debtors had not chosen to object to the proof of claim and had waited and allowed the state to actually file an action in state court and attempt to collect the attorney's fees, then it would have been in state court and they would have had the opportunity to erase the state statute and attempt to get their attorney's fees. They chose to litigate this in federal court instead. The proof of claim could not be, just filing a proof of claim is not res judicata on whether it's priority or on the dischargeability of it. It has to actually be litigated. Had they not chosen to litigate in federal court, we would have been, ultimately had the state pursued the question, we would have been in state court and they would have had the opportunity to raise this issue in state court where Arizona public policy does control. They had to litigate the priority claim in bankruptcy court. Bankruptcy court has exclusive jurisdiction over that. Your Honor, this is a no-asset bankruptcy case. Nothing was going to be paid anyway. They didn't have to litigate anything. Well, you filed the proof of claim in claim priority, so I think they had to file an objection to that in bankruptcy court. The dischargeability is another matter, and that's what I was asking about. I mean, you could have litigated that in state court, and presumably if that had occurred, and my question is if the state court had entered an order on the non-dischargeability aspect of that, do you think that attorney's fees could have been awarded or not? I think attorney's fees could have been awarded in state court because in state court, the Arizona legislature does get to determine the public policy. Was the state court bound to apply federal bankruptcy law? On the attorney's fees issue? Yes, that was where I was headed. Well, first in general. If it were brought in state court, would the state court have to apply federal bankruptcy law? To determine the dischargeability of death, the state court would have had to. . . Then would the state court have had to apply federal bankruptcy law on the attorney's fees issue? Well, certainly I would argue that the federal bankruptcy law should govern the issue. I don't know what a state court would have done. An Arizona state court, I think, would be more likely to. . . Not what it's likely to do. What is it supposed to do under the law? Under the law, could it apply state law, or would it be required to apply federal bankruptcy law? Under the law, I think it would have to follow federal bankruptcy law, which means that they shouldn't get their attorney's fees there either. So your answer is that regardless of concurrent jurisdiction, whichever court it's in, the federal bankruptcy law would apply with respect to attorney's fees? Yes, the substantive issues that are being litigated are federal issues, and there's no federal law giving the attorney's fees, and yes. All right, you may continue if you wish. Okay. Essentially, Ninth Circuit case law is perfectly clear. If you're litigating federal questions in federal court, you only get attorney's fees if the federal law gives them to you. And the debtor has concluded that these are all federal questions. We didn't litigate any state law questions in this case. We didn't litigate whether the injured employee was an employee. We didn't litigate how much his average monthly salary should be. We didn't litigate his anticipated earning life after the age of three. We didn't litigate any questions under state law at all. The only questions were whether the claims were priority claims that were non-dischargeable, questions that simply don't exist outside the bankruptcy context. So Arizona public policy doesn't control federal bankruptcy court. Federal public policy controls. Federal public policy says you have to pay for your fresh start. If it costs $30,000 in attorney's fees to wipe out $100,000 in debt, that's the cost of filing bankruptcy. That's all I have. Thank you, counsel. In rebuttal, as the state has argued now that under the statute, perhaps if this action was filed in the state court under 12-348, there would have been an entitlement of attorney's fees. They confessed so much to the bankruptcy court. And Judge Case in the bankruptcy court noted at page 137 of our excerpt that I understand your argument. What you get for this is another trip to the circuit by the state, and a reversal is what I think. Here what we have is a no-asset bankruptcy. The creditors were told not to file a claim. There would be no distribution. And the state now argues to the Ninth Circuit that we could have laid in wait for them to file an action in state court. However, if they filed a priority proof of claim and they were told not to file a proof of claim, they did it for one purpose and one purpose only, and that was to have the debtor default on a determination on their priority claim, which I'm sure they would have argued res judicata and collateral estoppel in state court that we didn't raise that in the federal court. Here the government decided to pick their form. They did not exercise sovereign immunity, which they had a right to at that time. They chose the form. They commenced a civil action in federal court. The debtor, having to defend himself against that priority claim, prevailed in the Ninth Circuit in 2002 after seven years of struggle against the state. The state has a statute modeled after the Equal Access to Justice Act, allowing the citizens of this state to recover their attorney's fees in a mandatory provision of public policy to protect citizens of Arizona against governmental action. And the form was selected by the state. The debtor defended that position, prevailed, and now has lost their fresh start in bankruptcy by the attorney's fees that they had to incur as the state selected its form. And the state statute does not restrict it to whether it's tribal court, state court, or even under a proper jurisdiction, whether it was filed in the United States Court of International Trade. Wherever the state elected to go, that's where the state elected to go, and I think it's a mandatory provision, and the federal courts can grant attorney's fees by utilization of the Arizona state statute. Well, thank you, Counsel. The case just argued will be submitted. Some of you might be interested to know that we have another case on the calendar this morning which raises a similar issue, though not the state statute, but generally raises similar issues. You may want to follow whatever the course of that article.  Pacific Gas and Electric Company versus Travelers Casualty Insurance Company. In fact, we'll probably have that case argued next. I wonder, is there a way to keep the phone open so they can hear the argument? They can, but they can download it tomorrow. Can you download it? Yeah, if you go on the website tomorrow and put in the case number 04-15605, you can listen to the oral argument. Very good. Thank you, Adam. Thank you, Counsel. Bye. If I didn't say so, the case just argued is submitted.
judges: Reinhardt, Thomas, Restani